Brian L. Johnsrud (admitted pro hac vice)
Daniel E. Lassen (19955)
Duane Morris LLP
260 Homer Avenue, Suite 202
Palo Alto, California 94301-2777
Telephone:    (650) 847-4150
Facsimile:    (650) 847-4151
E-mail:    BJohnsrud@duanemorris.com
        DELassen@duanemorris.com

*Attorneys for Defendant eBay Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAIGE WILLIAMS,<br><br>                    Plaintiff,<br><br>        v.<br><br>EBAY INC.,<br><br>                    Defendant. | **DEFENDANT EBAY INC.'S MOTION TO COMPEL ARBITRATION AND STAY PLAINTIFF'S CLAIMS**<br><br>        Case No. 4:26-cv-00059<br><br>    Magistrate Judge Paul Kohler |

Defendant eBay Inc. moves the Court for an order to compel Plaintiff Paige Williams to arbitrate her claims against eBay, pursuant to the parties' Mutual Agreement to Arbitrate, and to stay those claims in this Court pending arbitration.

## I.    INTRODUCTION

Plaintiff Paige Williams is a former at-will employee of eBay Inc. who agreed with eBay that she would resolve all disputes arising from her employment through final and binding

1

arbitration.  Williams signed the Mutual Arbitration Agreement in September 2014 and then began her employment with eBay in Utah.  The Agreement covers all disputes arising from the employment relationship and the termination of that relationship.

Williams brings only employment-related causes of action against eBay, alleging workplace discrimination and retaliation, mishandling of accommodation and leave requests, and wrongful termination of her employment.  Because each claim arises from Williams' employment, all the claims are within the scope of the Agreement.  The Federal Arbitration Act ("FAA") requires enforcement of the Agreement according to its terms.  Because Williams entered into a valid and enforceable arbitration agreement covering the claims she now asserts, eBay respectfully requests an order compelling Williams to arbitrate her claims and staying this action pending completion of arbitration.

## II.    FACTUAL BACKGROUND

In September 2014, eBay offered Williams the role of Customer Solutions Teammate. (Declaration of Roger Spurck ¶ 4, Ex. A at 1.)  eBay's offer letter stated that any disputes regarding Williams' at-will employment would be "conclusively resolved by final, binding and confidential arbitration" and that eBay would "bear those expenses unique to arbitration." (*Id.* at 2.)  On September 22, 2014, Williams signed the Mutual Arbitration Agreement, requiring arbitration as follows:

> The parties to this Agreement agree to arbitrate any and all disputes, demands, claims, or controversies . . . which arise from or relate to this Agreement, any other agreement between Employee and Employer, the employment relationship between Employee and Employer, or services provided to Employer whether as an employee, consultant or otherwise, including without limitation the recruitment, formation and termination thereof, whether the claims arise in law or equity, in tort, contract, or pursuant to statute, regulation or ordinance, under local, state or federal

2

law now in existence or which may in the future be enacted or recognized.  (Spurck Decl. ¶ 5, Ex. B at 1.)

The Agreement requires that "the arbitration shall be conducted by a neutral arbitrator in accordance with the then applicable rules issued by the American Arbitration Association," and the "arbitrator shall have the authority to determine if an issue or claim is subject to this arbitration obligation, and to award any legal or equitable relief authorized by law in connection with the asserted claim."  (*Id.* at 1-2.)

In October 2014, Williams began her at-will employment at eBay's Utah office and, in January 2024, eBay separated Williams' employment as part of a reduction in force.  (Dkt. 1 at ¶¶ 5, 38.)  In May 2026, Williams filed the Complaint, alleging claims that arise from her employment with eBay.  She alleges wrongful termination, hostile work environment, discrimination, failure to accommodate, retaliation, violation of the Equal Pay Act, interference and retaliation under the Family Medical Leave Act.  (Dkt. 1 at ¶¶ 50-90.)

## III.    ARGUMENT

### A.    The Federal Arbitration Act Applies To The Mutual Agreement To Arbitrate.

The FAA states that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  This provision reflects "a liberal federal policy favoring arbitration agreements."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 352 (2011) (holding that state-law rules may not "stand as an obstacle to the accomplishment of the FAA's objectives").

The FAA governs arbitration agreements when the agreement "evidence[s] a transaction involving [interstate] commerce."  9 U.S.C. § 2; *Circuit City Stores v. Adams*, 532 U.S. 105, 111-119 (2001) (noting that the FAA applies generally to "all employment contracts" except

those in the transportation industries).  The scope of the FAA, as defined by the terms "involving commerce," extends to the full exercise of Congress's constitutional commerce power.  *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995) ("After examining the statute's language, background, and structure, we conclude that the word 'involving' is broad and is indeed the functional equivalent of 'affecting.'").  As such, the FAA governs all transactions involving "commerce in fact," whether the parties contemplated an interstate commerce connection or not.  *See id.* at 281-82 (holding the use of materials from interstate commerce rendered agreement to "involve commerce" under the FAA).  Specifically, the FAA applies to employment contracts involving interstate commerce.  *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *Circuit City Stores*, 532 U.S. at 119.  Indeed, the FAA's reach is expansive and coincides "with that of the Commerce Clause."  *Allied-Bruce Terminix Cos.*, 513 U.S. at 274.

Given the Supreme Court's broad interpretation of "a transaction involving commerce," the Arbitration Agreement here is plainly subject to the FAA.  eBay provides a global e-commerce platform that facilitates buying and selling of new and used goods among hundreds of millions of buyers and sellers located throughout the United States and internationally.  (Spurck Decl. ¶ 6); *see Tieszen v. eBay, Inc.,* 2021 WL 4295100, at *3 (D.S.D. Sep. 21, 2021) (unpublished) (holding transaction "on eBay meets the FAA's interstate commerce requirement").  Indeed, the interstate nature of Williams' work as a Customer Solutions Teammate was central to her position, as the customers Williams served were located throughout the United States and internationally, and she assisted them with transactions that frequently

crossed state boarders.  (Spurck Decl. ¶ 7.)  The interstate commerce requirement is easily satisfied, and the FAA therefore applies to the Agreement.

**B.      The Federal Arbitration Act Requires Enforcement Of The Arbitration Agreement.**

Where, as here, the parties agreed to arbitrate the dispute, Courts "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court" and instead "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that arbitrable claims must be sent to arbitration even if related non-arbitrable claims remain in court).  Thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

These principles apply with full force in the employment context.  *Circuit City Stores*, 532 U.S. 105 at 123 ("rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context"); *see also Singh v. Dish Network LLC*, 2019 WL 5295454, at *1, *4 (D. Utah Oct. 18, 2019) (unpublished) (compelling arbitration of a former employee's Title VII hostile-work-environment, discrimination, and retaliation claims where the agreement covered claims arising out of or related to the employee's "employment, and/or termination of employment").

**C.      The Arbitration Agreement Is Valid and Enforceable.**

Courts apply "ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." *Walker v. BuildDirect.com Techs.,*

*Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013).  Williams worked for eBay in Utah, and the Agreement "shall be governed by the laws of the State where Employee primarily works or worked at the time the arbitrable claim arose, or federal law, if applicable." (Dkt. 1 at ¶ 5; Spurck Decl. ¶ 5, Ex. B at 3.)  Under Utah law, a valid contract requires assent, competent parties, and consideration.  *Masonry Equip. & Supply v. Willco Assocs., Inc.*, 755 P.2d 756, 758 (Utah Ct. App. 1988).

Here, Williams' assented to arbitration by signing the Agreement.  (Spurck Decl. ¶ 5, Ex. B at 4.)  She also assented through her continued employment with eBay.  *Livingston v. Finco Holdings Corp.*, 2022 UT App 71, ¶¶ 14 (Utah App. 2022) (a party's words and conduct can be used to find assent to the agreement).  The absence of eBay's countersignature does not defeat enforcement.  *Medical Dev. Corp. v. Indus. Molding Corp.*, 479 F.2d 345, 348 (10th Cir. 1973) (no requirement under the FAA that "a party sign the writing containing the arbitration clause"); *Roberts v. Central Refrigerated Service*, 27 F.Supp.3d 1256, 1265 (D. Utah 2014) (holding arbitration agreement was valid without employer's signature); *Hampton v. Utah Transit Auth.*, 2017 WL 3972488, at *5 (D. Utah Sept. 7, 2017) (unpublished) (holding that continued employment constituted acceptance of the agreement).  eBay assented by notifying Williams about "final, binding and confidential arbitration" in the offer letter (and signing it) and by presenting the Agreement to Williams.  (Spurck Decl. ¶ 4, Ex. A at 2; *id.* ¶ 5, Ex. B.)

The Agreement is supported by consideration because both eBay and Williams agreed to arbitrate and these mutual promises to arbitrate are sufficient consideration.  *See Livingston*, 2022 UT App 71, ¶ 14.  Williams' continued employment provides additional consideration. *Williams-Jackson v. Innovative Senior Care Home Health of Edmond, LLC*, 727 F. App'x 965,

969 (10th Cir. 2018) (unpublished) (holding that an offer of employment subject to an arbitration agreement supplied sufficient consideration); *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 402 (Utah 1998) ("by continuing to stay on the job, although free to leave, the employment supplies the necessary consideration for the offer").

Therefore, the Agreement is valid and should be enforced.

**C.      Williams' Claims Fall Within the Scope of the Arbitration Agreement.**

As the party resisting arbitration, Williams bears the burden of showing that her claims are not suitable for arbitration.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000) (enforcing an arbitration agreement and holding that the party resisting arbitration bears the burden of showing that arbitration would be prohibitively expensive).  Where "the arbitration clause is broad, there arises a presumption of arbitrability."  *Seaborn v. Larry H. Miller Mercedes Benz*, 2020 WL 1550789, at *4 (D. Utah Apr. 1, 2020) (unpublished).

The Agreement requires arbitration of "any and all disputes" that "arise from or relate to . . . the employment relationship."  (Spurck Decl. ¶ 5, Ex. B at 1.)  Courts give broad effect to arbitration clauses using "arising out of" and "relating to" language.  *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005); *Sanchez*, 762 F.3d at 1147-48 (under a broad arbitration clause, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail").

Here, Williams' claims fall within the Agreement's broad scope because all of her claims arise from her employment with eBay.  Her causes of action concern workplace disability accommodations, FMLA leave, compensation relative to a male colleague, workplace harassment, HR complaints, retaliation, and the termination of her employment. (Dkt. 1 at ¶¶ 50-90.)  And Congress did not intend to preclude arbitration of Dodd-Frank whistleblower claims

from arbitration.  *Khazin v. TD Ameritrade Holding Corp.*, 773 F.3d 488, 492, 495 (3rd Cir. 2014) (enforcing employment arbitration agreement; "Dodd-Frank retaliation claim is not statutorily exempt from the arbitration agreement").  The only exception is the SOX claim.  18 U.S.C. § 1514A(e)(2).[1]  Therefore, Williams cannot carry her burden to prove that these claims are not arbitrable.[2]

### D. The Delegation Clause Requires the Arbitrator to Resolve Any Remaining Gateway Disputes.

Even if Williams contests whether a particular claim falls within the Agreement's scope, or tries to argue that the agreement is unconscionable, the Agreement delegates these gateway issues to the arbitrator by incorporating the AAA Employment Arbitration Rules.  *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1248 (10th Cir. 2018) (holding that "incorporation of the AAA Rules provides clear and unmistakable evidence that the parties intended to delegate matters of

---

[1] The SOX claim should be stayed pending arbitration.  *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998) (holding that nonarbitrable claims should be stayed pending arbitration where "the arbitrable claims predominate over the nonarbitrable claims")

[2] To the extent Williams contends that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") applies to her Complaint, it does not.  The EFAA does not apply unless the Complaint meets the plausibility pleading standard.  *Ramirez v. Domino's Pizza Supply Chain Ctr.*, 2024 WL 5452684, at *5 (D. Colo. Dec. 20, 2024) (unpublished).  Williams' conclusory allegations of "sexual harassment" without any supporting factual allegations do not meet the plausibility standard.  (Dkt. 1 at ¶¶ 18, 72, 75.)  She also does not allege any facts to establish that sexual harassment arose or accrued after the EFAA's March 3, 2022 effective date.  *Snyder v. Kansas City Auto. Co., L.P.*, 2024 WL 3677499, at *2 (D. Kan. Aug. 6, 2024) (unpublished) (compelling arbitration where the alleged sexual harassment occurred before the EFAA's effective date and holding that the EFAA "does not apply retroactively").  Even if the EFAA applied (it does not), the proper procedure would be to compel the non-EFAA claims to arbitration and stay any alleged sexual harassment claim.  *Silverman v. DiscGenics, Inc.*, 2023 WL 2480054, at *2–3 (D. Utah Mar. 13, 2023) (unpublished) (compelling arbitration of non-EFAA claims and explaining that the FAA requires courts to enforce arbitration agreements even where doing so requires related claims to proceed in different forums).

arbitrability to the arbitrator").  Here, the parties incorporated the exact same provision from the AAA Rules that was analyzed in *Dish Network.*  The Agreement provides that "arbitration shall be conducted by a neutral arbitrator in accordance with the then applicable rules issued by the American Arbitration Association."  (Spurck Decl. ¶ 5, Ex. B at 1.)  Rule 6 of the AAA Rules states that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (Ex. A to eBay's concurrently filed Request for Judicial Notice.)[3]  The Agreement also contains an express delegation clause: "[t]he arbitrator shall have the authority to determine if an issue or claim is subject to this arbitration obligation."  (Spurck Decl. ¶ 5, Ex. B at 2); *Elmihi v. Paypal Holdings, Inc.*, 2026 WL 92046, at *1 (S.D. Tex. Jan. 13, 2026) (unpublished) (holding that "arbitrator shall have the authority" was "sufficient to grant the arbitrator power to determine arbitrability" and that it showed the parties had "clearly and unmistakably agreed to arbitrate arbitrability").  Therefore, any challenges to arbitrability that Williams may assert should be resolved by the arbitrator.

To the extent Williams challenges the Agreement on the grounds of alleged unconscionability, that argument must be resolved in arbitration by the Arbitrator.  *Graddy v. Carnegie Academy*, LLC, 717 F.Supp.3d 1133, 1142 (D. Utah 2024) (holding that "binding precedent dictates that it is for the arbitrator, not for the court, to determine whether the contract as a whole is unconscionable" where the parties' agreement delegated arbitrability by

---

[3] The AAA Employment Arbitration Rules and Mediation Procedures that were in effect when Ms. Williams signed the Agreement are available at https://www.adr.org/media/v3qkeeed/employment-arbitration-rules-and-mediation-procedures-nov-2009-may-2013.pdf.

incorporating the AAA Rules).  Even if issues of arbitrability were not delegated (they are), Williams cannot show unconscionability before the Arbitrator.  *Ryan*, 972 P.2d at 402 (the party asserting unconscionably must show both procedural and substantive unconscionability); *Resource Mgmt. Co. v. Weston Ranch & Livestock Co.*, 706 P.2d 1028, 1043 (Utah 1985) ("a duly executed written contract should be overturned only by clear and convincing evidence"). The Agreement is a standalone document that expressly discloses the waiver of court and jury proceedings; advises Williams that she may consult counsel; applies mutually to both eBay and Williams; preserves statutory remedies; permits discovery authorized by the Federal Rules of Civil Procedure; requires a written decision with essential findings and conclusions; preserves the award of attorneys' fees where authorized by statute or contract; and requires eBay to pay fees and costs that are unique to arbitration.  *See Sanchez v. Nitro-Lift Techs., LLC.*, 762 F.3d 1139, 1148 (10th Cir. 2014) (holding that statutory claims may be arbitrated); *Green Tree*, 531 U.S. at 91–92 (enforcing an arbitration agreement and holding that the party resisting arbitration bears the burden of showing a likelihood of prohibitive arbitration costs).

**E.    This Case Should Be Stayed Pending Arbitration.**

Once Courts determine that claims are subject to arbitration, the FAA requires a stay of this action pending completion of the arbitration.  9 U.S.C. § 3. Because Williams' claims fall within the Agreement's broad arbitration provision, the Court should compel arbitration and stay this action pending completion of the arbitration.  Therefore, Williams should be compelled to arbitrate her claims and her Complaint should be stayed pending the arbitration.

F.     **Alternatively, the Utah Uniform Arbitration Act Independently Requires Enforcement of the Agreement.**

Even if the Court were to conclude that the FAA does not govern, the Utah Uniform Arbitration Act independently requires enforcement of the Agreement. The UUAA provides that arbitration agreements are "valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Utah Code Ann. § 78B-11-107(1). It further requires the Court to "order the parties to arbitrate" unless it finds no enforceable arbitration agreement exists. Utah Code Ann. § 78B-11-108(1)(b). Utah law reflects a "strong public policy in favor of arbitration," and Utah courts interpret arbitration agreements with that policy in mind. *Willow Creek Assocs. of Grantsville, LLC v. Hy Barr Inc.*, 2021 UT App 116, ¶¶ 33, 35-36 (affirming order compelling arbitration and explaining that courts resolve enforceability and scope questions against the backdrop of Utah's "preference for arbitration"); *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 16 (compelling arbitration and holding that Utah's "policy of encouraging arbitration" informs the interpretation of arbitration agreements).

For the same reasons set forth above, the Agreement is valid, enforceable, and covers Williams' claims. Williams signed the Agreement as a condition of employment, the Agreement is supported by consideration, and Williams' claims arise from her employment relationship with eBay. Williams should be compelled to arbitration and this action stayed under the UUAA.

IV.    **CONCLUSION**

For the foregoing reasons, eBay respectfully requests that the Court grant its Motion to Compel Arbitration and Stay Proceedings.

11

Dated: July 2, 2026

                                            Duane Morris LLP


                                            /s/ Daniel E. Lassen
                                            Brian L. Johnsrud
                                            Daniel E. Lassen
                                            *Attorneys for Defendant*
                                            *eBay Inc.*


## WORD-COUNT CERTIFICATION

I, Daniel E. Lassen, certify that this Motion to Compel Arbitration contains 3,025 words and complies with DUCivR 7-1(a)(4).


                                            /s/ Daniel E. Lassen
                                            Daniel E. Lassen